IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK KENNETH SWANSON, : <br> ROBIN HUDSPETH, and : <br> TRAVIS HUDSPETH, : <br>    On behalf of themselves and : <br>    Others similarly situated, : <br> : <br>           Plaintiffs, : <br> : <br> vs. : <br> : <br> JON BURNS, : <br>    In his individual capacity. : <br> : <br>           Defendant. : <br> _____: | CIVIL ACTION NO.: <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

COME NOW, Plaintiffs MARK KENNETH SWANSON, ROBIN HUDSPETH, and TRAVIS HUDSPETH on behalf of themselves and others similarly situated, file this CLASS ACTION COMPLAINT against Defendant JON BURNS, Speaker of the Georgia House of Representatives, in his individual capacity, stating as follows:

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983, and the Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiffs' constitutional rights under color of law. Accordingly, this Court has

jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2), since a substantial part of the acts and omissions giving rise to these claims occurred in the Northern District of Georgia. Venue is proper in the Atlanta Division since a substantial part of the acts and omissions giving rise to these claims occurred in the Atlanta Division. See N.D. Ga. Local R. 3.1.

## **PARTIES**

3. Plaintiff Mark Swanson is an individual residing in the Northern District of Georgia. He is subject to and submits himself to the jurisdiction of this Court.

4. Plaintiff Robin Hudspeth is an individual residing in the Northern District of Georgia. She is subject to and submits herself to the jurisdiction of this Court.

5. Plaintiff Travis Hudspeth is an individual residing in the Northern District of Georgia. He is subject to and submits himself to the jurisdiction of this Court.

6. Defendant Jon Burns is an individual residing in the State of Georgia, and he is the current Speaker of the Georgia House of Representatives. He may be served with the Summons and Complaint at 332 State Capitol, Atlanta, Georgia 30334.

## CLASS ACTION ALLEGATIONS

7. The Georgia Senate is comprised of 56 State Senators serving individual districts throughout the State. The 53rd Senate District is currently represented by Senator Colton Moore, and the district is populated by approximately 191,360 Georgia citizens.

8. Plaintiff Mark Kenneth Swanson is a registered voter who voted for Senator Colton Moore pursuant to voting procedures established by his local election board and the State of Georgia in the last election. Similarly, Plaintiffs Robin Hudspeth and Travis Hudspeth each reside in the 53rd Senate District and they are each represented by Senator Colton Moore. Plaintiffs are constituents of Senator Colton Moore and this action is brought on their own behalf and on behalf of those similarly situated. This action is brought by constituents of Senator Colton Moore only, and it is not brought in collaboration with Senator Moore in any respect.

9. On or about March 14, 2024, former Speaker of the Georgia House of Representatives, David Ralston, was honored in both the Senate and House. State Senator Colton Moore stood in the Senate and opposed a resolution naming a building for Ralston. While doing so, he referred to Ralston, now deceased, as "one of the most corrupt Georgia leaders that we are ever going to see in my lifetime."

10. Defendant Jon Burns is the current Speaker of the Georgia House of Representatives. After Senator Colton Moore made his comments about David

Ralston, Defendant Speaker Jon Burns stated that Moore's "comments impugned the integrity of my dear friend, and we all know they were not true."

11.     Defendant Speaker Jon Burns then unilaterally banned Senator Colton Moore from entering the House floor for an unspecified period of time, even when official business is being conducted by members of the Georgia Senate on behalf of their constituents.

12.     At all times relevant hereto, Defendant Speaker Jon Burns did not possess authority to indefinitely ban individual members of the Senate from representing their constituents on the House floor when other members of the Senate are present representing their constituents.

13.     On or about January 16, 2025, a joint session of the Senate and House was convened within the House of Representatives.  Members of the Senate and House were present to represent their constituents during the session as Georgia Governor Brian Kemp delivered his State of the State address to lawmakers.

14.     Senator Colton Moore was prevented from entering the session pursuant to the unilateral and perpetual ban previously imposed by Defendant Speaker Jon Burns.  As Senator Moore attempted to enter the joint session, he was arrested in accordance with instructions given by the Defendant to the Georgia State Patrol that Senator Colton Moore be prohibited from entering the session.

15.     Plaintiff Mark Kenneth Swanson was in communication with Senator Colton Moore in the hours prior to his arrest, seeking assistance as a constituent.  Plaintiff Mark Kenneth Swanson, Plaintiff Robin Hudspeth, Plaintiff Travis Hudspeth, along with all similarly situated residents of the 53rd Senate District, had a personal vested interest in Senator Colton Moore attending the joint session, and representing their interests therein.

16.     In addition, Plaintiff Mark Kenneth Swanson attempted to reach Senator Colton Moore to obtain assistance as a constituent while Senator Moore was unavailable due to his incarceration.  Upon information and belief, other similarly situated constituents attempted to reach Senator Moore to obtain his assistance as constituents while he was in custody.

17.     The Georgia Constitution, Article III, Section IV, Paragraph IX states: "Privilege of members.  The members of both houses shall be free from arrest during sessions of the General Assembly, or committee meetings thereof, and in going thereto or returning therefrom, except for treason, felony, or breach of the peace. No member shall be liable to answer in any other place for anything spoken in either house or in any committee meeting of either house."

18.     Defendant Speaker Jon Burns did not prohibit Senator Colton Moore from attending the January 16, 2025 joint session due to any act or omission alleged to have occurred on January 16, 2025.  At all times relevant hereto, Senator Moore was

prohibited from attending the joint session by Defendant unilaterally due to Defendant's personal feelings about remarks made by Senator Moore on March 14, 2024. Said remarks could not be deemed a breach of the peace, particularly not a breach on January 16, 2025.

19. Plaintiffs, and those similarly situated by virtue of their residence in the 53rd Senate District, were denied Senate representation during the January 16, 2025 joint session, and during the time period in which Senator Moore remained in custody.

## COUNT I

## EQUAL PROTECTION VIOLATION UNDER THE 14TH AMENDMENT

20. Plaintiff re-alleges the assertions set forth in paragraphs 1 through 19 as if fully stated herein.

21. The United States Supreme Court held in *Baker v. Carr*, 369 U.S. 186 (1962), that citizens have standing to bring 42 U.S.C. §1983 claims under the Equal Protection Clause of the Fourteenth Amendment when their voting rights and political representation are adversely affected.

22. The facts set forth in paragraphs 1 through 19 above establish a violation of Plaintiffs' (and those similarly situated by virtue of their residence in the 53rd Senate District) Fourteenth Amendment right to equal protection under the law by depriving Plaintiffs and those similarly situated of representation at the January 16, 2025 joint session and during the time of Senator Moore's incarceration.

23. At all times relevant hereto, Defendant Speaker Jon Burns acted under color of State law as contemplated by 42 U.S.C. § 1983, and he deprived the citizens of the 53rd Senate District of Georgia of their right to representation during the aforementioned time period.

24. Plaintiffs, on behalf of themselves and others similarly situated, seek a judgment in this action establishing that the unilateral and perpetual exclusion of Senator Colton Moore from attending joint sessions violated the equal protection rights of Plaintiffs and Senator Moore's other constituents.

25. Plaintiffs, on behalf of themselves and others similarly situated, seek judgement in their favor on the grounds that the unilateral and perpetual exclusion of members of the legislature from attending sessions violates the rights of the members' constituents. Plaintiffs, on behalf of themselves and those similarly situated, also seek nominal damages for the aforementioned violation.

## **PRAYER RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

A. An Order indicating that the individual named Plaintiffs may maintain this action as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

B. Judgment in favor of Plaintiffs and the class and against the Defendant for nominal damages for violating the Equal Protection Rights of Plaintiffs and members of the class as described in this Complaint; and

C. Grant any other relief as this Court finds just and proper.

/s/ Kenneth Muhammad
KENNETH MUHAMMAD
Counsel for the Class Representatives
Seeking Appointment as Class Counsel
Georgia Bar Number 527907
Law Office of Kenneth W. Muhammad
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
800-910-5760
kenneth@lawofficekwm.com